UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAMSEY HARDY,

Plaintiff,

v.

Case No. 26-cv-12534
Honorable Linda V. Parker

MARCUS CHEEKS, MARLO JONES, MATHEW LOYD PARKER, TRILLION, LLC, JAVIER REYNA, APEX CAPITAL, RESERVE BANK, INC., and FIDES GESTIN FINANCIERA SAPI DE CV,

Defendants.
_________________________________/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF NO. 3) AND REQUIRING PLAINTIFF TO FILE RICO CASE STATEMENT**

Plaintiff Ramsey Hardy initiated this action on July 23, 2026, naming as Defendants the following:

- Trillion, LLC and its principal and managing member Marcus Cheeks;
- Mexico financial entity Fides Gestión Financiera Sapi de DV ("Fides Gestión") and Javier Reyna, identified as an "associate" of Fides Gestión;
- Michigan citizen Marlo Jones;
- Apex Capital Reserve Bank, Inc.; and
- Mathew Loyd Parker.

(ECF No. 1.) The allegations in the Complaint reflect that "Defendants" sent fraudulent documents to Plaintiff through wire and mail deliveries, which *inter alia* represented that Fides Gestión entered into a settlement agreement with Trillion resulting in Fides Gestión depositing $6.5 billion into an account at a fraudulent financial institution, Apex Capital Reserve Bank. (*See, generally, id.*) Plaintiff claims these false documents were designed to induce him "to commit funds, services, or other consideration to transactions," "to initiate or authorize transfers of funds," and "alter[] his legal and financial position[.]" (*Id.* at PageID.8 ¶ 21; *Id.* at PageID.10 ¶¶ 30-31.)

Plaintiff fails to indicate in the Complaint when these documents were transmitted to him. While the pleading suggests that he in fact transferred funds in reliance on the alleged false documents, the Complaint omits any details as to when these funds were transferred, where they were sent, who they were payable to, and what amount was lost by Plaintiff.

Plaintiff asserts the following claims against Defendants in the Complaint: (I) fraud and fraudulent misrepresentation; (II) civil conspiracy to defraud; (III) a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(d); (IV) wire fraud; (V) unjust enrichment; (VI) negligent misrepresentation; and (VII) promissory estoppel. (*See, generally* ECF No. 1.)

Shortly after filing this lawsuit, Plaintiff filed a motion for temporary restraining order. (ECF No. 3.) In the motion, Plaintiff seeks injunctive relief expressly as to Defendant Marlo Jones. Specifically, he asks the Court to:

1. Freeze all accounts held by or accessible to Jones;
2. Prohibit Jones from initiating, directing, or facilitating any wire transfer, ACH transfer, or electronic movement of funds;
3. Restrain Jones from destroying, altering, or concealing any documents, digital records, devices, or communications related to the wiring scheme; and
4. Authorizing expedited discovery.

(*Id.* at PageID.122.) Plaintiff asserts in the motion that "[t]he complaint alleges that Defendant Marlo Jones is not merely a participant but the architect and mastermind of the operation—directing others, controlling the wiring accounts [sic], and orchestrating the movement of funds through layered transactions to evade detection." (*Id.* at PageID.119.) He further asserts that the Complaint alleges a list of actions by Jones in her role as "mastermind." (*Id.*at PageID.120.)

The docket does not reflect Plaintiff's service on any Defendant of a copy of the Complaint, a summons, or his motion for TRO. Jones did, however, file a motion to dismiss on August 20, 2026. (ECF No. 5.) The Court scheduled a hearing on the TRO motion for September 2, 2026 (ECF No. 4), although the primary reason the hearing was scheduled was to enable the Court to ask questions of Plaintiff's counsel to understand the facts underlying the Complaint. Plaintiff's

counsel contacted the Court's case manager shortly before the hearing, seeking an adjournment, which the Court granted.

The Court now finds that a hearing is unnecessary and, for the reasons discussed below, is denying Plaintiff's motion for a TRO. To address the deficiencies in the Complaint the Court planned to discuss at the hearing, it instead is ordering Plaintiff to file a RICO Case Statement, as described below.

**Standards for TRO**

When a party moves for a TRO, the district court considers the following four factors: (1) the likelihood of success on the merits of the action; (2) the irreparable harm which could result without the requested relief; (3) the possibility of substantial harm to others; and (4) the impact on the public interest. *N.E. Ohio Coal. for Homeless & Serv. Emp. Int'l Union v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Cooey v. Strickland*, 589 F.3d 210, 218 (6th Cir. 2009) (quoting *Mich. Coal. of Radioactive Materials Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).

A TRO "is an 'extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it.'" *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (quoting *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir.

1991)). Because "[t]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held[,]" . . . a preliminary injunction is customarily granted on the basis of procedures less formal and evidence less complete than in a trial on the merits." *Univ. of Tx. v. Camenisch*, 451 U.S. 390, 395 (1981); *see also Fetch! Pet Care, Inc. v. Atomic Pawz, Inc.*, 170 F.4th 546, 554 (6th Cir. 2026) (citations omitted). The party moving for the injunction nevertheless has the burden to show that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Although the district court must balance and weigh the relevant preliminary injunction considerations, "a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 223 F.3d 620, 625 (6th Cir. 2000). Thus, the court is not required to make specific findings concerning each of the four factors if fewer factors are dispositive. *In re DeLoreon Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985).

**Analysis**

As an initial matter, contrary to the assertions in his motion, the Complaint does not set forth any specific conduct by Jones in connection with the alleged RICO conspiracy. The Complaint speaks in terms of "Defendants," generally, and does not identify the specific conduct of each individually named defendant, much

less Jones.[1] The Complaint also does not reflect a danger of irreparable harm to Plaintiff.

The Sixth Circuit "ha[s] held that 'despite the overall flexibility of the test for . . . injunctive relief, and the discretion vested in the district court, equity has traditionally required a showing of irreparable harm before an interlocutory injunction may be issued.'" *Nat'l Viatical, Inc. v. Univ. Settlements Int'l, Inc.*, 716 F.3d 952, 957 (6th Cir. 2013) (existing brackets omitted) (quoting *Friendship Materials, Inc. v. Mich. Brick, Inc.*, 679 F.2d 100, 103 (6th Cir. 1982)). Generally, "a plaintiff's harm is not irreparable if it is fully compensable by money damages." *Id.* (quoting *Langley v. Prudential Mortg. Cap., LLC*, 554 F.3d 647, 649 (6th Cir. 2009)). "An injury is irreparable if the harm is difficult to calculate." *RECO Equip., Inc. v. Jeffrey S. Wilson*, No. 20-4312, 2021 WL 5013816, at *4 (6th Cir. Oct. 28, 2021) (citing *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir 1992)).

Plaintiff's harm is purely monetary. He essentially alleges that he was defrauded of funds (Jones says it is over $1 million). Plaintiff mentions

---

[1] Jones in fact indicates in an affidavit submitted in support of her motion to dismiss that she was not a party to Cheeks' scheme, never received or had access to or control over Plaintiff's money, and was herself a victim of Cheeks' fraud. (*See* ECF No. 5.) While the Court references the affidavit, it is the failure in the Complaint to identify Jones' specific involvement which leads the Court to deny injunctive relief as to her.

"reputational harm" caused by "his association with the scheme and the transactions induced by Defendants' misrepresentations" (*see, e.g.*, ECF No. 1 at PageID.10 ¶ 33); however, he fails to elaborate. More significantly, the injunctive relief he seeks would not repair that harm.

For these reasons, the Court is denying Plaintiff's motion for TRO.

**Subject Matter Jurisdiction and RICO**

Federal subject matter jurisdiction in this matter is premised solely on Plaintiff's RICO claim under 18 U.S.C. § 1962(d). The parties are not diverse. Plaintiff otherwise alleges only state-law claims.

Federal district courts always" have a duty to consider their subject matter in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Ky., Inc. v. Creation Ministeries Int'l*, 556 F.3d 459, 465 (6th Cir. 2009). The issue is raised frequently sua sponte where jurisdiction is premised on RICO because, as one district judge aptly explained,

> although federal courts assuredly do have jurisdiction over civil RICO under 18 U.S.C. § 1964(c), that jurisdiction is not called into play by a litigant's mere thoughtless incantation of the RICO acronym. Even otherwise experienced practitioners know that RICO is fraught with arcane mysteries—and for a layman [and even experienced practitioners] to surmount its numerous hurdles is a daunting task.

*Bryant v. Yellow Freight Sys.*, 989 F. Supp. 966, 969 (N.D. Ill. 1997). To assure the hurdles are surmounted to allege a viable RICO claim, courts often order

plaintiffs to file RICO Case Statements. This is a case where it is appropriate to demand more specificity to confirm the Court's jurisdiction.

To state a claim for violation of § 1962(d), the plaintiff must successfully allege every element of a RICO violation under § 1962(b), (c), or (d), and "the existence of an illicit agreement to violate the substantive RICO provision." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 411 (6th Cir. 2012) (quoting *United States v. Sinito*, 723 F.2d 1250, 1260 (6th Cir. 1983)); *see also Aces High Coal Sales, Inc. v. Cmty. Bank & Trust of W. Ga.*, 768 F. App'x 446, 459 (6th Cir. 2019). Plaintiff does not specify the subsection of the RICO statute on which his conspiracy claim is premised.[2] He alleges no facts supporting an agreement between the parties. While he invokes the key phrases of the RICO statute (e.g., "conduct," "enterprise," "pattern" and "racketeering activity"), he does so with minimal elaboration of facts to suggest he can satisfy these requirements. (*See* ECF No. 1 at PageID.12-13.)

---

[2] Section 1962(a) prohibits the investment of income or the proceeds of income derived from a pattern of racketeering activity or through the collection of an unlawful debt in an enterprise engaged in or whose activities affect interstate or foreign commerce. 18 U.S.C. § 1962. Section 1962(b) makes it unlawful to acquire an interest in or control of an enterprise engaged in or whose activities affect interstate or foreign commerce through a pattern of racketeering activity. *Id.* Section 1962(c) prohibits anyone employed by or associated with an enterprise engaged in or whose activities affect interstate or foreign commerce from participating in its affairs through a pattern of racketeering activity or the collection of an unlawful debt. *Id.*

Therefore,

**IT IS ORDERED** that, within fourteen (14) days, Plaintiff shall file a case statement that includes the facts relied on to initiate his RICO claim. In particular, the statement shall use the numbers and letters set forth below, unless filed as part of an amended and restated pleading (in which latter case, the allegations of the amended and restated pleading shall reasonably follow the organization set out below), and shall state in detail and with specificity the following information:

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. §§ 1962(a), (b), (c), and/or (d). If alleging violations of more than one subsection of § 1962, treat each as a separate RICO claim.

2. List each defendant, and state the alleged misconduct and basis of alleged liability of each defendant.

3. List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

4. List the alleged victims, and state how each victim allegedly was injured.

5. Describe in detail the pattern of racketeering activity or collection of an unlawful debt alleged for each RICO claim. A description of the pattern of racketeering activity shall include the following information:
   (a) List the alleged predicate acts and the specific statutes allegedly violated by each predicate act;
   (b) State the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding each predicate act;
   (c) If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, fraud in the sale of securities, or fraud in connection with a case under Title 11 of the U.S. Code, the

"circumstances constituting fraud or mistake shall be stated with particularity," Fed. R. Civ. P. 9(b) (identify the time, place, and contents of the alleged misrepresentation or omissions, and the identity of persons to whom and by whom the alleged misrepresentations or omissions were made);

(d) Describe in detail the perceived relationship that the predicate acts bear to each other or to some external organizing principle that renders them "ordered" or "arranged" or "part of a common plan"; and

(e) Explain how the predicate acts amount to or pose a threat of continued criminal activity.

6. Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall:

(a) state the names of the individuals, partnerships, corporations, associations, or other entities allegedly constituting the enterprise;

(b) describe the structure, purpose, roles, function, and course of conduct of the enterprise;

(c) state whether any defendants are employees, officers, or directors of the alleged enterprise;

(d) state whether any defendants are associated with the alleged enterprise, and, if so, how;

(e) explain how each defendant participated in the direction of the affairs of the enterprise;

(f) state whether you allege that the defendants are individuals or entities separate from the alleged enterprise, that the defendants are the enterprise itself, or that the defendants are members of the enterprise; and

(g) explain, if you allege any defendants to be the enterprise itself or members of the enterprise, whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7. State whether you allege, and describe in detail, how the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8. Describe the alleged relationship between the activities and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9. Describe what benefits, if any, the alleged enterprise and each defendant received from the alleged pattern of racketeering activity.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:
    (a) State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and
    (b) Describe the use or investment of such income.

12. If the complaint alleges a violation of 18 U.S.C. § 1962(b), provide the following information:
    (a) Describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise; and
    (b) State whether the same entity is both the liable "person" and the "enterprise" under § 1962(b).

13. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:
    (a) State who is employed by or associated with the enterprise; and
    (b) State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the relationship between the alleged injury and violation of the RICO statute.

17. List the damages sustained by reason of the violation of section 1962, indicating the amount for which each defendant allegedly is liable.

18. Provide any additional information you feel would be helpful to the court in processing your RICO claim.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 8, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 8, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager